[Civ. No. 3790. First Appellate District, Division One.—May 4, 1921.]

## H. H. SCHMIDT, Respondent, v. ELLA M. MILLER et al., Appellants.

[1] CORPORATIONS—STOCKHOLDERS' LIABILITY—EVIDENCE—CONTENTION OF JOINT ADVENTURE WITHOUT MERIT.—In this action to recover from the defendants their proportionate share of an alleged indebtedness of a corporation in which defendants were stockholders, the contention is without merit that the evidence shows plaintiff to be an associate in a joint adventure to carry out and effectuate the purposes of which all of the members thereof had organized a closed corporation, and that under such circumstances one of such persons cannot obtain the advantage of a stockholder's liability to the prejudice of his co-adventurers.

[2] ID.—PROMISSORY NOTE—FINDING—EVIDENCE.—The finding that the promissory note of the corporation sued on in this action was not procured by undue influence, menace, or fraud is sustained by the evidence.

APPEAL from a judgment of the Superior Court of Alameda County. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and Cyril Appel for Appellants.

William H. Schooler for Respondent.

KERRIGAN, J.—This action was brought by plaintiff to recover from the defendants their proportionate share of an

alleged indebtedness of a corporation in which defendants were stockholders. Plaintiff recovered judgment imposing upon defendants a stockholder's liability in the sum of $58,170.15, together with costs, and defendants appeal.

Four causes of action are set forth in the amended complaint. The first cause is predicated upon a promissory note by which the corporation promised to pay to plaintiff on demand the sum of $143,679.50. The second and third causes declare in *assumpsit* for the same amount, and by the fourth plaintiff claims that he laid out and expended for the use and benefit of the Trinity Asbestos Mining Company at the special instance and request of that corporation the sum of $3,017.03. By an amended answer defendants denied the indebtedness of the corporation, and denied that at the time the advances were made by plaintiff they were made pursuant to any promise to repay other than a promise that they should be repaid when the mine was developed and placed upon a paying basis. The execution of the note is admitted, and the amount thereof represents the result of an account stated. A portion of this sum was found by the trial court to be barred by subdivision 1 of section 337 of the Code of Civil Procedure. No contention is here made as to the correctness of the amount of the judgment, assuming a liability to exist.

The main contention urged upon this appeal for reversal is that the evidence shows plaintiff to be an associate in a joint adventure to carry out and effectuate the purposes of which all of the members thereof had organized a close corporation, and that under such circumstances one of such persons cannot obtain the advantage of a stockholder's liability to the prejudice of his coadventurers.

[1] We see no merit in this contention. From the evidence it appears that certain of the defendants discovered and located a number of asbestos mining claims in Trinity County, California. In order to develop this property defendants entered into negotiations with plaintiff and his brother, Peter Schmidt, which culminated in the formation of a corporation known as the Trinity Asbestos Mining Company, with a capital stock of 500,000 shares, 200,000 of which were allotted to plaintiff and his brother. Thereafter plaintiff advanced about $30,000 to develop the mine, a sum he had been assured would put the property on a pay-

52 Cal. App.—32

ing basis, but this sum proving inadequate, upon the earnest and repeated solicitations of defendants he continued to advance large sums of money from time to time until the total with interest amounted to the sum of $143,679.50. The mine produced nothing; and plaintiff being dissatisfied with the manner in which his funds were being applied finally decided not to make any further advances, and thereupon demanded a note from the company to cover the amount mentioned. The note was given, and it is the instrument here sued on. The contention that plaintiff advanced the money with the understanding that it was only to be paid out of the profits of the mine is disposed of by the finding of the trial court that such was not the fact, and this conclusion finds support in the evidence. Aside from the other evidence on this subject the demand note itself negatives any such intention on the part of the parties. Nor is there any merit in the claim that plaintiff agreed or intended to waive his right to a stockholder's liability. The record does not support this contention.

[2] Equally untenable is the argument that the evidence is insufficient to sustain the finding that the note was not procured by undue influence, menace, and fraud. In this behalf it is argued that plaintiff threatened defendants with vexatious litigation unless the corporation executed the note, and that the note was executed in consideration of plaintiff making further advances and to prevent a sale of the corporate property in payment of its debts. It is perhaps true that defendants all indulged the secret hope that plaintiff would continue to supply the corporation with funds, but the record fails to show that he ever obligated himself to do so. The finding that there was no undue influence, menace, or fraud is amply sustained by the evidence.

Other points do not require consideration.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1921.

All the Justices concurred.